860 F.2d 1081
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Isiah Vaughn WILLIAMS, Plaintiff-Appellant,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS; Joseph McFerran;
Lucenda A. Boyd; Mr. Opubor; Mr. Gerry,
Defendants-Appellees.
 No. 88-1319.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1988.
 
 Before MERRITT, BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff, Isiah Vaughn Williams, appeals the judgment of the district court dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Williams brought suit against two employees of the State Prison of Southern Michigan. He alleged that the defendants denied him due process of law and denied him access to the courts. The district court dismissed Williams' case pursuant to Fed.R.Civ.P. 56(b) because Williams failed to contradict in any manner the showing made by the defendants that no genuine issue of material fact existed and that the defendants were entitled to judgment as a matter of law.
 
 
 3
 Upon review, we conclude that summary judgment for the defendants was proper. Williams improperly rested on his pleadings in an attempt to get his case to the jury. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Gregg v. Allen-Bradley Co., 801 F.2d 859, 861 (6th Cir.1986). Under Fed.R.Civ.P. 56(e), Williams was required to go beyond the pleadings to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
 
 
 4
 Accordingly, the judgment of the district court is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.